UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

HAROLD MCKINNEY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/ MONEY JUDGMENT

23 Cr. 488 (PAE)

        WHEREAS, on or about September 20, 2023, HAROLD MCKINNEY (the "Defendant"), was charged in a four-count sealed Indictment, 23 Cr. 488 (PAE) (the "Indictment"), with distribution of narcotics, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2 (Count One); conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Section 846 (Count Two); firearms use, carrying, and possession, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Three); and possession of a firearm after a felony conviction, in violation of Title 18, United States Code, Section 922(g)(1) (Count Four);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Two of the Indictment and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, the Indictment also included a forfeiture allegation as to Counts Three and Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offenses charged in Counts Three and Four of the Indictment, including but not limited to a:

.375 caliber Rossi Magnum revolver, with serial number AX555474;

WHEREAS, on or about December 14, 2023, the Defendant pled guilty to Counts One and Four of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Four of the Indictment and agreed to forfeit to the United States, (1) pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461, all right, title, and interest of the Defendant in a .375 caliber Rossi Magnum revolver, with serial number AX555474 (the "Firearm"); and (2) pursuant to Title 21, United States Code, Section 853: (i) a sum of money equal to $378,222 in United States currency, representing the amount of proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment, and (ii) all right, title, and interest of the Defendant in the following specific property:

a. Gents 18K rose gold "Patek Phillipe" 40mm watch with grey/black dial, model number 5980/1R-001-Nautilus, serial number A384GAP;

b. Ladies 18K rose gold "Patek Phillipe" 33mm watch, with silver dial and factory diamond bezel, model number 7118/1200R-001-Nautilus, serial number 7235167;

c. Gents platinum "Rolex" 41mm watch, Presidential day/date with factory diamond roman ice blue dial and original smooth platinum bezel in box, model number 218206, serial number V390079;

    d. Gents platinum "Rolex" 40mm chronograph watch, Daytona with brown ceramic bezel, ice blue diamond baguette index dial, model number 116506, serial number Y0W83513;

    e. Gents 18K rose gold "Rolex" 40mm watch, Presidential Day-Date olive green 60th anniversary dial, fluted bezel, model number 228235, serial number 7102Y804;

    f. Ladies 18K rose gold "Audemars Piguet" 38mm watch, Royal Oak Chronograph with silver dial, model number 26315OR.00.1256OR.01, serial number K70650;

    g. Gents 18K rose gold "Audemars Piguet" 42mm watch, Royal Oak Off Shore Chronograph model number 26067OR.ZZ.D002CR.01, serial number 72986;;

    h. Gents 18K rose gold "Audemars Piguet" 42mm watch, Royal Oak Off shore chronograph with grey dial and skeletal case back, "Brick" model number 264700R.00.10000R.02, serial number J88462;

    i. Gents 18K yellow gold "Cartier" 43mm Roadster chronograph watch, model number 2619, serial number 61973CE;

    j. 14K white gold 24" diamond tennis necklace containing 96 round brilliant cut diamonds;

    k. Gents 18K gold "Richard Mille" watch, full 18K rose gold case with rubber strap Flyback Chronograph, model number RM 11-03, serial number RM11-03 RG/992;

    l. 18K 8" yellow gold 12mm (1/2") wide Cuban Link bracelet with 27 links each containing 4 round full cut diamonds;

(a. through l., collectively, the "Seized Property" and together with the Firearm, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $378,222 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Seized Property, which constitute proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Firearm, which constitutes property involved in the offense charged in Count Four of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained and the property involved in the offense charged in Count Four of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Brandon C. Thompson, of counsel, and the Defendant, and his counsel, James Kousouros, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $378,222 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in

Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.  As a result of the offense charged in Counts One and Four of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, HAROLD MCKINNEY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.  All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5.  The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.  Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          12/13/2023
BRANDON C. THOMPSON                     DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2444

By: _____    12.14.23
HAROLD MCKINNEY                  DATE

By: _____    12.14.23
JAMES KOUSOUROS, ESQ.            DATE
Attorney for Defendant
260 Madison Avenue, 22 Floor
New York, NY 10016

SO ORDERED:

__Paul A. Engelmayer__           12/14/23
HONORABLE PAUL A. ENGELMAYER     DATE
UNITED STATES DISTRICT JUDGE